UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VIRGINIA WESLOWSKI and
BENEDICT WESLOWSKI,

         Plaintiffs,

v.                   Case # 18-CV-6576-FPG

THE HOME DEPOT U.S.A., INC.,       DECISION AND ORDER

         Defendant.

## INTRODUCTION

On August 7, 2018, Defendant The Home Depot U.S.A., Inc., removed this case from the Supreme Court of the State of New York, County of Monroe, pursuant to 28 U.S.C. § 1332(a). ECF No. 1. Eight days later, on August 15, 2018, the Court ordered Defendant to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 4. Currently before the Court is Defendant's response to the Court's order to show cause. ECF No. 5. For the following reasons, this case is REMANDED to the Supreme Court of the State of New York, County of Monroe.

## DISCUSSION

Generally, plaintiffs bringing suit in New York Supreme Court are required to include a demand for relief in their complaint. N.Y. C.P.L.R. § 3017(a). Two types of actions are excepted: personal injury and wrongful death. *Id.* § 3017(c). In a complaint for either type of suit, plaintiffs are permitted only to request relief generally. *Id.*

Without a mechanism to ascertain a plaintiff's demand for relief, a defendant seeking to remove a personal injury action from state court to federal court would have to show that the

amount in controversy exceeds $75,000 using allegations in the complaint or materials outside the pleadings. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

Thankfully, the drafters of § 3017(c) provided recourse. A defendant may request from the plaintiff a "supplemental demand" in which the plaintiff must describe the damages she seeks. N.Y. C.P.L.R. § 3017(c). The demand must be provided within fifteen days of the request. *Id.* If it is not, the defendant may move the court to order plaintiff to provide it. *Id.*

It is the final step of this procedure that Defendant failed to take here. The Court acknowledges that Defendant contacted or attempted to contact Plaintiffs and their counsel on approximately ten occasions between October 2017 and August 2018 without receiving a supplemental demand for relief from Plaintiffs as requested. ECF No. 5 ¶¶ 10-22. However,

> Defendant['s] remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.

*Noguera v. Bedard*, No. 11-CV-4893 (RRM)(ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011). Indeed, it is *Defendant's* burden as the removing party to establish the amount in controversy, not Plaintiffs'. *Mehlenbacher*, 216 F.3d at 296.

Defendant attempts to sidestep its obligation by making two arguments. First, it urges the Court to allow removal because Plaintiffs acted in bad faith by refusing to answer Defendant's requests for a supplemental demand for relief. ECF No. 5 ¶¶ 4-5. The Court may allow a defendant to remove a case more than one year after it was filed if it finds a plaintiff attempted to prevent removal in bad faith. *Martinez v. Yordy*, No. 16 Civ. 005 (BMC), 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016) (citing 28 U.S.C. § 1446(c)(1)). Even where a plaintiff acts in bad faith,[1]

---

[1] The Court need not determine whether Plaintiffs acted in bad faith here, so it does not do so.

2

however, a defendant must still show that the Court has jurisdiction over the action. Defendant has failed to do so here.

Defendant next contends that it established the amount in controversy to a reasonable probability based on information it discovered outside of the pleadings: Plaintiff Virginia Weslowski allegedly slipped, fell, and sustained two arm fractures that may or may not have been repaired surgically resulting in severe, painful, and permanent injuries. ECF No. 5 ¶¶ 4-5. But the Court already considered this information and declared it insufficient to establish the amount in controversy in its order to show cause. ECF No. 4 at 3-4. The Court thus declines to speculate that it has jurisdiction based on the dearth of information regarding Ms. Weslowski's alleged injuries, medical procedures, and costs.

## CONCLUSION

For the foregoing reasons, this case is REMANDED to the Supreme Court of the State of New York, County of Monroe, for lack of subject matter jurisdiction. The Clerk of Court is directed to transmit this Decision and Order to the Clerk of the Supreme Court of the State of New York, County of Monroe, and close this case.

IT IS SO ORDERED.

Dated: April 5, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court